1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMIEL KANDI,

                        Petitioner,

        v.

UNITED STATES OF AMERICA,

                        Respondent.

CASE NO. C05-0840C

ORDER

I.      INTRODUCTION

        This matter has come before the Court on the parties' cross-motions for summary judgment.

Having carefully considered the papers filed by the parties in support of and in opposition to the motions,

the Court has determined that no oral argument shall be necessary.  For the reasons that follow, the Court

hereby GRANTS Respondent's motion and DENIES Petitioner's motion.

II.     BACKGROUND

        In March 1999, Petitioner and a business partner formed Lounge Lizards, LLC.  Petitioner and his

business partner were the only members of the LLC.  In January 2001, Petitioner bought out his partner's

interest in the LLC and became the sole member of the LLC.  In September 2001, Petitioner sold all of

his interest in Lounge Lizards, LLC, to another individual.

ORDER – 1

During the first two quarters of 2001, Lounge Lizards, LLC incurred employment tax liabilities of $101,024.06 and $115,226.90, respectively. The parties do not dispute that these liabilities remain unpaid.

The Internal Revenue Service ("IRS") attempted to collect the unpaid employment taxes from Petitioner personally on the theory that because Petitioner had never filed an election (Form 8832) to have Lounge Lizards, LLC, be taxed as a corporation during the time period at issue, Petitioner as the owner and single member of the LLC was also the employer responsible for payment of employment taxes. After a collection due process hearing at which Petitioner was permitted to voice his opposition, the IRS determined that the collection action against Petitioner (instead of the LLC) was proper. Petitioner then filed this action in this Court, seeking judicial review of the IRS's decision.

During the time the parties' cross-motions were pending, the IRS issued proposed regulations squarely addressing the single issue at stake in this case. The Court permitted additional briefing regarding the parties' positions on applicability to or other impact of the proposed regulations on the present case.

III.    ANALYSIS

    A.    *Standard of review*

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The moving party

ORDER – 2

bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute.  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

The parties agree that in an action seeking judicial review of a collection due process determination, where the underlying tax liability is not at issue, the Court should apply an abuse of discretion standard.  Here, although the petition alleged that the IRS "abused its discretion when it determined that it could take enforced collection action against the property of the single member LLC" (Pet. ¶ 10), Petitioner's moving papers argue that the Court should conduct a *de novo* review (*see, e.g.*, Pet'r's Cross Motion 3:11–13).

Petitioner does not dispute that the employment taxes are owed, thus conceding that the underlying tax liability is fundamentally valid.  However, Petitioner appears to argue that the IRS's attempt to collect the unpaid taxes from him personally constitutes the imposition of an invalid tax liability.  Although neither party briefed this issue with any degree of detail, the Court concludes that even under a *de novo* standard of review, the IRS's determination was proper.

## B.    Regulations at issue

A single-member LLC may elect to be classified as an association taxable as a corporation or to be disregarded as a separate entity, resulting in passthrough taxation of its sole member.  Treas. Reg. § 301.7701-3(a).  If no election is made, a single-member LLC is disregarded as an entity separate from the owner for federal tax purposes.  Treas. Reg. § 301.7701-3(b)(1)(ii).  If the single-member LLC is disregarded as an entity for federal tax purposes, "its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner."  Treas. Reg. § 301.7701-2(a).

The IRS interprets these regulations to mean that in the case of a disregarded single-member LLC, the owner is the employer for employment tax purposes.  As Petitioner points out, the IRS has

ORDER – 3

stated this position in multiple pronouncements, including I.R.S. Notice 99-6, 1999-3 I.R.B. 12

("Payment of Employment Taxes with Respect to Disregarded Entities"), and I.R.S. Chief Couns. Off.

Mem. 199930013 (July 30, 1999).  For the remainder of this section, which will discuss whether the

proposed regulations are applicable to Petitioner's case, the Court assumes that the IRS's interpretation

is correct.

In October 2005, after the parties had already submitted moving papers regarding their cross-

motions, the IRS published proposed regulations reversing its previous position that an owner of a single-

member LLC is personally liable for the LLC's employment tax liability.  70 Fed. Reg. 60,475-01 (Oct.

18, 2005).  The public comment period for the proposed regulations is open until January 17, 2006.  *Id.*

The notice re-states that the existing IRS interpretation is that "[b]ecause a disregarded entity is not

recognized for Federal tax purposes, the owner of the disregarded entity is treated as the employer for

purposes of employment tax liabilities and all other employment tax obligations related to wages paid to

employees performing services for the disregarded entity."  *Id.*  The notice goes on to state that

> [a]dministrative difficulties have arisen from the interaction of the disregarded entity rules
> and the federal employment tax provisions . . . . The Treasury Department and the IRS
> believe that treating the disregarded entity as the employer for purposes of federal
> employment taxes will improve the administration of the tax laws and simplify compliance.

*Id.* at 60,476.  Finally, the proposal provides that the change will "apply to wages paid on or after January

1 following the date these regulations are published as final regulations in the Federal Register," and

furthermore, that "if the owner currently satisfies the employment tax liabilities and other employment tax

obligations with respect to wages paid to employees performing services for the disregarded entity, then

the owner must continue to satisfy such liabilities and obligations until these regulations become final and

effective."  *Id.* at 60,475.

Despite the evident intent of the IRS maintain the status quo until the proposed changes become

final, Petitioner argues that not applying the regulation retroactively would constitute an abuse of

discretion.  The general rule is that regulations are not to be applied retroactively.  26 U.S.C. §

ORDER – 4

7805(b)(1).  This was not always the case.  Prior to the 1996 amendments to the statute, § 7805(b) was understood to establish "a presumption that rulings will be retroactive unless otherwise specified."  *See, e.g.*, *Manocchio v. Comm'r of Internal Revenue*, 710 F.2d 1400, 1403 (9th Cir. 1983).  However, the Taxpayer Bill of Rights 2, passed in 1996, included a section titled "Relief from retroactive application of Treasury Department Regulations."  Taxpayer Bill of Rights 2, Pub. L. No. 104-168, § 1101 (July 30, 1996).  This section amended the statute to provide the current presumption *against* retroactivity, but preserved the IRS's ability to apply regulations retroactively in order to prevent abuse, 26 U.S.C. § 7805(b)(3), or to correct a procedural defect in a prior regulation, 26 U.S.C. § 7805(b)(4).  These two statutory exceptions to the general presumption against retroactivity are qualitatively different from judicial interpretation of the statute's predecessor, which reviewed the agency's decisions to apply a regulation retroactively only for an abuse of discretion.  *See, e.g.*, *Dixon v. United States*, 381 U.S. 68, 72 (1965) (stating the principle that § 7805(b) gave the Commissioner "discretion to apply the withdrawal of the acquiescence retroactively").  Because it is the *amended* version of § 7805 that applies to the present case, Petitioner's reliance on case law interpreting the pre-1996 version of § 7805 is inapposite.

There is no indication that retroactive application of the proposed regulations would be appropriate under the narrow post-1996 exceptions to the general presumption against retroactivity.  In any case, the statutory language vests discretion in the agency to determine whether retroactive application is appropriate.  Assuming that the IRS's decision would be not to apply the regulations retroactively to Petitioner's case, the statute only allows the Court to determine whether this decision constitutes an abuse of discretion.  Since, as Petitioner concedes, the IRS has consistently espoused the position that in the case of a disregarded single-member LLC, the owner is the employer for employment tax purposes, the IRS's application of this rule to Petitioner can hardly be deemed arbitrary or capricious.  Accordingly, the Court finds that the IRS's refusal to apply the proposed regulations retroactively to Petitioner's case does not constitute an abuse of discretion.

ORDER – 5

1    Therefore, the regulations applicable to the Court's analysis of the present case are the regulations

2    currently in force.

3        C.    *Interpretation of applicable regulations*

4    Petitioner argues that the IRS's interpretation of the currently applicable regulations to allow

5    collection of employment taxes from the owner of a single-member LLC impermissibly ignores the limited

6    liability protection afforded the LLC's owner.  The parties' legal dispute is along two axes of distinctions:

7    the income tax/employment tax distinction and the federal/state distinction.[1]  Petitioner argues that the

8    check-the-box rules only affect treatment of an entity for income tax purposes, and that the IRS's

9    position "appears to take the position that limited liability of the members [of an LLC] hinges on its

10   election under the check-the-box rules, rather than state law."  (Pet'r's Cross Mot. 10:17–18.)

11   With respect to his first argument, Petitioner looks to the text of the IRS's summary of the check-

12   the-box rules for support.  Petitioner is correct, in a solely technical way, that "both the text of the

13   regulations and the accompanying explanatory materials are devoid of any meaningful mention of

14   employment taxes."  (Pet'r's Cross Mot. 7:17–19.)  However, both the regulations and the explanatory

15   materials refer generically to "federal tax purposes."  Indeed, there is nothing in the regulations that

16   would support an interpretation of "federal tax purposes" to mean "federal income tax purposes."

17   Petitioner quotes the following text:

18       Section 301.7701-1 provides an overview of the rules applicable in determining an
         organization's classification for federal tax purposes . . . .  Whether an organization is
19       treated as an entity for federal tax purposes is a matter of federal tax law, and does not
         affect the rights and obligations of its owners under local law.  For example, if a domestic
20       limited liability company with a single individual owner is disregarded as an entity separate
         from its owner under §§ 301.7701-3, its individual owner is subject to federal income tax
21       as if the company's business was operated as a sole proprietorship.[2]

22

23       [1]Petitioner's arguments regarding the IRS's inconsistent treatment of general partnerships and
     LLCs taxed as partnerships, though interesting, are irrelevant.

24
         [2]Petitioner's original selection did not omit any text after the first sentence (omission identified by
25   ellipsis).  However, as the text omitted from the Court's citation is not germane, the Court has omitted it

26   ORDER – 6

61 Fed. Reg. 66,584, 66,585 (1996). While Petitioner points to the fact that the textual example focuses on "federal income tax," and interprets the reference to income tax to mean that the regulation applies only to income tax (and not to employment tax), the first sentence in the excerpt refers generically to "federal tax purposes." Likewise, the second sentence in the excerpt also refers only generically to "federal tax purposes." In fact, the only specific reference to *income* tax is in the example. There is no indication from the text that the example is meant to limit the operation of the regulation to income tax only, as Petitioner would have it do. For these reasons, the Court concludes that there is no textual support for Petitioner's argument that the regulations affect only assessment of income taxes.

Petitioner's second argument is that the IRS's interpretation strips a sole owner of a limited liability company of his or her limited liability under state law. While Petitioner's argument seems to make some pragmatic sense at first glance, the way in which the employment tax liability is actually incurred has the effect of not implicating the limited liability nature of the LLC at all. Petitioner's argument depends on the assumption that the employment tax liability begins as the LLC's liability. If this were the case, then the IRS's attempt to collect the employment taxes from the sole member of the LLC would indeed be piercing the LLC veil. However, the IRS check-the-box regulations, which Petitioner concedes are valid (*see* Pet'r's Resp. 3:12–13 (stating "[Petitioner] does not challenge the validity of these regulations")), provide that if a single-member LLC does not make a check-the-box election, it is treated as a sole proprietorship for federal tax purposes. Treas. Reg. §§ 301.7701-2(a) & 301.7701-3(b)(1)(ii). Since "federal tax purposes" includes federal employment taxes, the LLC is treated as a sole proprietorship for employment taxes and thus the owner is effectively the employer.[3] Thus, employment taxes for a single-member LLC that has not made a check-the-box election *begin* as a

---

for brevity's sake.

[3]Petitioner is correct in arguing that 26 U.S.C. §§ 3401 & 6672 provide no support for the assertion that the LLC's owner is the employer. Rather, it is the Treasury Regulations which lead to this conclusion.

ORDER – 7

1    member/owner liability and are never attributable to the LLC.[4]  Because employment taxes are a member

2    liability, they are properly assessable against the member.

3            Furthermore, Petitioner's arguments ignore the fact that the IRS's check-the-box regulations vest

4    the choice to preserve a single-member LLC's limited liability protections with its sole member — the

5    *member* elects whether to have the LLC regarded or disregarded for federal tax purposes.  For this

6    reason, any consequences resulting from a member's election, or failure to elect, are solely the

7    responsibility of the member.  Here, Petitioner admits that he never made a check-the-box election.  Thus,

8    any personal tax liabilities resulting from this failure to elect are attributable to Petitioner's effective

9    waiver of the LLC's limited liability protection, rather than affirmative IRS attempts to pierce the veil.

10           Accordingly, the Court finds that as a matter of law, the IRS's interpretation of the regulations to

11   authorize collection of employment taxes from the sole member of a single-member LLC that has not

12   made a check-the-box election is correct.  Respondent's motion for summary judgment is GRANTED

13   and Petitioner's motion for summary judgment is DENIED.[5]

14   //

15   //

16   //

17   //

18   //

19   //

20

21   _____

22           [4]This rather fine point serves as the key to this analysis.  Petitioner's argument depends on the
     accuracy of his assumption that in attempting to collect employment taxes from him, the "Service is
23   trying to collect employment tax liability of a single member LLC from its owner."  (Pet'r's Resp.
     3:13–14.)  In fact, the employment tax liability at issue is, and always was, solely Petitioner's.
24
             [5]Respondent's motion to file a surreply (Dkt. No. 18) is DENIED.  Petitioner's opening brief
25   quite clearly stated his position that the check-the-box rules applied only to income tax issues.

26   ORDER – 8

1

IV.     CONCLUSION

2

In accordance with the foregoing, Respondent's motion for summary judgment is GRANTED and

3

Petitioner's motion for summary judgment is DENIED.  The petition shall be DISMISSED with

4

prejudice.

5

SO ORDERED this 11th day of January, 2006.

6

7

8

UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER – 9